UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DMITRIY MUSHEYEV,

                                              Petitioner,

       -vs-

WILLIAM P. BARR, United States Attorney General; THOMAS E. FEELEY, Field Office Director for Detention and Removal; JEFFREY SEARLS, Facility Director, Buffalo Federal Detention Facility,

                                              Respondents.

**No. 6:19-cv-06729-MAT**
**DECISION AND ORDER**

## I. Introduction

Proceeding pro se, Dmitriy Musheyev ("Musheyev" or "Petitioner") commenced this habeas proceeding against the named Respondents (hereinafter, "the Government") pursuant to 28 U.S.C. § 2241 ("§ 2241") challenging his continued detention in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). The Government has filed a Motion to Dismiss (ECF #4) the Petition as moot based on Musheyev's release pursuant to an order of supervision. For the reasons discussed herein, the Court grants the Motion to Dismiss and dismisses the Petition as moot.

## II. Discussion

The case-or-controversy requirement in Article III, § 2, of the Constitution, is carried "through all stages of federal judicial proceedings" and means that "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); accord Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citations omitted). In other words, throughout all phases of a lawsuit, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis, 484 U.S. at 477.

Where a habeas petition is based upon a criminal conviction, the cause is not rendered moot by the petitioner's release from custody, provided that petitioner continues to suffer "collateral consequences" of the conviction upon which the now-ended incarceration was based. Spencer, 523 U.S. at 7. Here, Musheyev's habeas petition challenges only the lawfulness of his administrative detention by DHS. The sole relief Musheyev seeks is release from custody.[1] As the Petition is based only on Musheyev's

---

[1] If Petitioner sought to challenge his removal, this Court would be precluded from exercising jurisdiction over his Petition by section 106(a)(1)(B) of REAL ID Act of 2005, 8 U.S.C. § 1252(a)(5), which "unequivocally eliminates habeas corpus review of orders of removal." Marquez-Almanzar v. Immigration & Naturalization Serv., 418 F.3d 210, 215 (2d Cir. 2005). However, "[w]hile Congress specifically eliminated the district courts' habeas corpus jurisdiction over review of removal orders, the REAL ID Act does not affect the district courts' jurisdiction over review of other habeas corpus claims." Brempong v. Chertoff, No. 05-CV-733 (PCD), 2006 WL 618106, at *2 (D.Conn. Mar. 10, 2006).

allegedly unlawful detention in DHS custody, and not on the underlying removal order from which the detention flowed, the issue is whether he suffers from any "collateral consequences" of detention now that he is no longer "in custody" of DHS. Denis v. DHS/ICE of Buffalo, N.Y., 634 F. Supp.2d 338, 340-41 (W.D.N.Y. 2009).

Here, Musheyev was released on November 21, 2019, from DHS's custody pursuant to an Order of Supervision. See Respondents' Memorandum of Law (ECF #6) at 2 & n.1 (citing Declaration of David M. Coriell, Esq. ("Coriell Decl.") ¶ 5 & Exhibit 1 (Order of Supervision)). It is clear that Musheyev in the case at hand was challenging only the lawfulness of his detention. Further, it is hard to imagine any possible "collateral consequences" of Musheyev's detention; he has not indicated any such consequences to the Court.

"The district courts in this Circuit to have considered the issue have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot." Denis, 634 F. Supp.2d at 341 (citing, inter alia, Baptiste v. Immigration & Naturalization Serv., No. 06-CV-0615 (NG), 2006 WL 3050884, at *2 (E.D.N.Y. Oct. 23, 2006) (citing Edwards v. Ashcroft, 126 F. App'x 4 (2d Cir. 2005) (unpublished opn.); Ali v. Cangemi, 419 F.3d 722, 724 (8th Cir. 2005); Riley v. INS, 310 F.3d

1253, 1256-57 (10th Cir. 2002); other citations omitted). The Court agrees with these authorities and finds that as a result of Musheyev's release from DHS custody, his application for a writ of habeas corpus is moot. The Court accordingly dismisses the Petition based on the absence of subject matter jurisdiction. See Lewis, 494 U.S. at 477–78 ("To sustain [federal] jurisdiction in the present case, it is not enough that a dispute was very much alive when suit was filed. . . .").

## III. Conclusion

For the foregoing reasons, Respondents' Motion to Dismiss (ECF #4) is granted, and the Petition (ECF #1) is dismissed without prejudice as moot. The Clerk of Court is directed to close this case.

**SO ORDERED.**

*S/ Michael A. Telesca*

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: February 13, 2020
Rochester, New York